UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

N., *et al.*,

    **Plaintiffs,**

    v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, *et al.*,

    **Defendants.**

Civil Action No. 26-577

## MEMORANDUM OPINION AND ORDER

Plaintiffs Diego N. and other minors bring this suit through their next friends on behalf of themselves and a putative class of undocumented immigrant children who have been removed from the custody of their sponsors and placed in the custody of the Office of Refugee Resettlement (ORR) within the United States Department of Health and Human Services. See ECF No. 1 (Compl.), ¶¶ 1–2, 8–9. Plaintiffs seek to challenge ORR's "blanket policy of requiring all previously approved sponsors to reapply for sponsorship" while detaining children in its custody, id. ¶ 8, and allege that such policy violates the Fifth Amendment and the Administrative Procedure Act. Id., ¶¶ 93–107. They simultaneously filed a Motion to Proceed Under Pseudonym and to File Under Seal. See ECF No. 2-1 (Mot. Pseudo). Plaintiffs have made a sufficient showing to warrant proceeding pseudonymously, so the Court will grant that portion of the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine ... motion[s] to file a pseudonymous complaint"). Because their Motion to File Under Seal implicates future filings, the Court will deny that portion of the Motion without prejudice,

reserving the contours of any sealing order for the district judge to whom this case is randomly assigned.

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

The minor named Plaintiffs and any unnamed minor class members are entitled to litigate their claims under pseudonyms.  See Fed. R. Civ. P. 5.2(a); see also Mot. Pseudo at 2 (making same point).  Plaintiffs also seek, however, to shield the identities of their adult next friends, contending that the next friends' privacy interests are "intertwined" with the minors they represent.  See Mot. Pseudo at 2.  As the identities of the minors' next friends could readily reveal the minors' own names, J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016), the Court will analyze the propriety of the next friends proceeding pseudonymously.

First, the Complaint concerns the type of "sensitive and highly personal information" that warrants protection through pseudonymity.  In re Sealed Case, 971 F.3d at 327 (internal quotation marks omitted).  The Court has recognized that the details of a plaintiff's immigration status constitute a privacy interest that overcomes the need for disclosure in litigation.  Does 1-158 v. Rubio, 2025 WL 2709775, at *2 (D.D.C. Sept. 23, 2025).  Here, the named Plaintiffs and putative class members are undocumented immigrant children.  See Mot. Pseudo at 11.  Many are also currently held in federal custody, id., and revealing their detention history further implicates deeply personal information.  The Court is satisfied that Plaintiffs seek to protect private information, rather than "merely to avoid the annoyance and criticism that may attend any litigation," and finds that this factor supports their Motion.  In re Sealed Case, 971 F.3d at 326 (quoting source removed).

The second factor also favors Plaintiffs.  This factor considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure.  Id., (quoting source removed).  While Plaintiffs do not identify particular, concrete threats — which would swing this factor strongly towards pseudonymity, J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at

3

3–4 (D.D.C. Aug. 10, 2023) — they argue that proceeding under their true names may prompt Immigration and Customs Enforcement to target them for detention.  See Mot. Pseudo at 4–5.  They cite several examples of ICE targeting children similarly situated to them, and they further note their fear of retaliation by either members of the American public who are hostile to immigrants or persons in their home countries who caused them to flee and emigrate to the United States in the first place.  Id. at 4–6.  Recent retaliatory actions by government officials can establish sufficient risk to warrant pseudonymous proceedings.  League of Women Voters v. Dep't of Homeland Sec., 2025 WL 2897654, at *3 (D.D.C. Oct. 10, 2025).  Further, this Court has held that where "potential retaliation" holds "serious consequences," a less particular showing is needed to prevail on this factor.  Id. at *2.  Here, retaliation could lead to arrest, deportation, or physical harm to Plaintiffs if they are targeted by any of the groups mentioned.  See Mot. Pseudo at 5–6.  Plaintiffs have thus made a sufficient showing of risk to weigh in favor of pseudonymity.

The third factor squarely supports pseudonymity.  That factor favors pseudonymity when the privacy interests or safety of a minor are implicated — even for adult plaintiffs, like the class members' next friends, whose identities are intertwined with those of the minors'.  See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity because "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).  Revealing the true identities of Plaintiffs' next friends — some of whom share key identifying information, like last names, with Plaintiffs

4

— risks disclosing Plaintiffs' real names in turn. See Mot. Pseudo at 7. The third factor thus weighs strongly in favor of pseudonymity for both minor Plaintiffs and their next friends.

The fourth factor slightly supports pseudonymity. This factor considers the defendant's identity — *i.e.*, whether the defendant is a private individual or a government entity. In re Sealed Case, 971 F.3d at 329. Here, Defendants are government agencies and officials sued in their official capacities. See Compl. at 1. This Court has held that defendants' reputational concerns are reduced when they are sued solely in their role as government officials because any wrongdoing is unlikely to be attributed to them personally. See, e.g., J.W., 318 F.R.D. at 201 ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'") (citation omitted). Plaintiffs do, however, seek programmatic relief in the form of an injunction barring ORR's alleged policy of requiring previously approved sponsors to reapply. See Compl. at ECF p. 28.

This Court has distinguished between cases where a plaintiff seeks individualized relief versus programmatic relief, and it has held that the public interest in litigation is higher in the latter circumstance. See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity.") (citation omitted). This concern is mediated where, as here, Plaintiffs seek to proceed on behalf of a putative class and have already moved for class certification. See ECF No. 4 (Mot. Class Cert.). Their ability to vigorously and skillfully represent the class will be examined in accordance with the requirements of Federal Rule of Civil Procedure 23. The Court thus finds that shielding Plaintiffs' identities at this early stage does not unduly impinge on the public interest in litigation, given the additional scrutiny they

will face from the judge to whom this case is randomly assigned. Defendants' minimal reputational risks and the limited potential for harm to the public interest militate in favor of pseudonymity.

The fifth factor, prejudice to Defendants, is not in play here: Plaintiffs have agreed to reveal their true names to Defendants under seal. See Mot. Pseudo at 8. This Court has repeatedly held that the fifth factor is "not implicated" under such circumstances. In re Sealed Case, 971 F.3d at 326 n.1; see R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (fifth factor supports pseudonymity because "[w]hile this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*"). Further, should the precise identities of any unnamed putative class members become relevant during the course of the litigation, the judge to whom this case is ultimately assigned can order such disclosure, either under seal or to the public.

For the foregoing reasons, the Court will permit Plaintiffs to proceed under pseudonym.

Separately, Plaintiffs seek permission to file certain future documents under seal. They ask the Court to "direct that any document revealing their identity or the identities of putative class members, or any information or distinguishing characteristics that could reveal their identities . . . be filed under seal." Mot. Pseudo at 9. But this request stretches beyond this Court's preliminary review and into the case-management responsibilities that the particular judge overseeing this litigation will undertake. See LCvR 40.7(f) (consigning review of "motion to seal the complaint" to Chief Judge). Because Plaintiffs have already publicly filed their Complaint and seek only to file future documents under seal, the Court will deny this part of their Motion.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym and Under Seal is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i. A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court on the public docket; and

    ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 2, 2026