**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DIEGO N., *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, *et al.*,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:26-cv-577-CJN<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

**1. Scope.** The following terms, conditions, procedures, and restrictions govern the materials produced by the Parties, Defendant U.S. Department of Health and Human Services ("HHS") and Plaintiff immigrant children, in this litigation. The protections conferred by this Order cover Protected Material (as defined below), and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that reveal Protected Material.

**2. Protected Material.** Protected Material means any documents, revealing:

a. Information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or covered by Federal Rule of Civil Procedure 5.2;

b. Any individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or government entity of another country if not subject to privilege or other restrictions prohibiting disclosure;

c. The names, telephone numbers, and electronic mail addresses of minors, potential sponsors for children in HHS custody, household members of potential sponsors, and alternate caregivers for sponsor applications;

d. The names, telephone numbers, and electronic mail addresses of employees of the federal government and ORR contractors or grantees, except that the name of an employee is not Protected Material if the employee serves in a senior policymaking role and/or their identity is material to the issues before the Court;

e. Information that is law enforcement sensitive, including information that may be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and is not subject to law enforcement privilege or other restrictions on disclosure.

**3. Designations.** The Parties must designate Protected Material by labeling it "PROTECTED MATERIAL" at the time it is produced. The duty of all persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence when the Protected Material is produced or filed in connection with this litigation.

**4. Access to Protected Material.** The persons covered by this Section 4 shall use the Protected Material only for purposes of this litigation and/or related litigation.[1] Only the following persons shall have access to Protected Material:

a. This Court, this Court's official personnel, and any reviewing appellate court and its personnel;

---

[1] Related litigation referenced in this Protective Order refers to any litigation that has been related to the instant litigation under Rule 40.5 of the Local Rules of the U.S. District Court for the District of Columbia.

b. Authorized employees of HHS, including HHS's Counsel;

c. Plaintiffs' Counsel and Clients, including any attorneys, paralegals, office clerks, secretaries, and other support staff to whom such disclosure Plaintiffs' Counsel deems reasonably necessary;

d. Legal or subject matter experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such Protected Material) engaged or consulted by the Parties' Counsel to assist in this litigation and/or related litigation. These experts, consultants, and their associated staff shall use the Protected Material only for purposes of this litigation or related litigation and shall execute an acknowledgment in the form of Exhibit A prior to receiving any Protected Material. All acknowledgment forms shall be forwarded to Counsel for Defendants upon execution; and

e. Court reporters and interpreters.

**5. Use of Protected Material before a Court.** Nothing contained in this Protective Order shall be construed to limit use of Protected Material before this Court for the purposes of this litigation or in related litigation. When filing Protected Material with this Court, a party shall request that the Protected Material be filed under seal and shall provide the opposing party and the Court with an unredacted (revealing the Protected Material) version of the filing at the time of filing.

**6. Challenge to Designations.** If either Party seeks to challenge any Protected Material designation or redaction or seek to disclose Protected Material to persons not covered by Paragraph 4, the following procedure shall be used:

3

a. Counsel challenging the designation shall give notice by email specifying the redaction or Protected Material for which such removal is sought and the reasons for the request. The party in receipt of the notice shall, within five (5) business days of such notice, either remove the designation or send an objection to Counsel by email.

b. If the Parties cannot reach agreement concerning the designation, the party challenging the designation may file a motion with the Court seeking relief. The designated material shall continue to be redacted or treated as Protected Material until the issue is resolved by Order of this Court.

c. Upon request by Counsel for the party challenging the designation, the opposing party shall specify the basis for the designation of "Protected Material" for any particular designation.

**7. Disclosure to Unauthorized Persons.** If Protected Material is disclosed by either party to any unauthorized person through inadvertence, mistake, or otherwise without authorization, the disclosing party shall: (a) use their best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; and (c) take all reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

**8. Inadvertent Disclosure of Protected Material.** The failure by a party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to opposing counsel of such failure to designate, or of incorrect

designation, Counsel shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to Paragraph 4, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

**9. Good Faith Designations.** Plaintiffs and Defendants represent that the parties' designation of Protected Material, the parties' requests to permit further disclosure of Protected Material, and the responses thereto shall be made in good faith and not to impose burden or delay, or for tactical or other advantage in litigation.

**10. Reservation of rights.** Nothing in this Order compels the production or disclosure of privileged material, prevents the producing party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or defense by the producing party. Nothing in this Order waives the parties' rights to challenge any claim, privilege or defense made by the producing party.

**11. Redactions of Privileged Information.** Information contained in any document produced in this litigation and is subject to any legal privilege, including but not limited to attorney-client, deliberative process, and law enforcement privileges, will remain redacted after the entry of this Protective Order and Plaintiffs reserve their right to request a privilege log.

**12. Survival and Final Disposition of Designated Material.** Final termination of this litigation, including exhaustion of appellate remedies, shall not terminate the limitations imposed by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: March 10, 2026

Respectfully submitted,

/s/ Anna Deffebach
Anna Deffebach (D.C. Bar No. 241346)
Joel McElvain (D.C. Bar No. 448431)
Robin F. Thurston (D.C. Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
adeffebach@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org

Mishan Wroe*
Diane de Gramont*
National Center for Youth Law
1212 Broadway, Suite 600
Oakland, California 94612
(510) 835-8098
mwroe@youthlaw.org
ddegramont@youthlaw.org

*Counsel for Plaintiffs*

* *Admitted pro hac vice*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

GLENN M. GIRDHARRY
Acting Deputy Director

JOSHUA C. MCCROSKEY
JESSE A. MONTES
Trial Attorneys

/s/ Cara E. Alsterberg (w/ permission)
CARA E. ALSTERBERG

6

Acting Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4667
Email: Cara.E.Alsterberg@usdoj.gov

*Attorneys for Defendants*

**SO ORDERED.**

DATE: _____

_____
CARL J. NICHOLS
United States District Judge

**STIPULATION EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED**

**MATERIAL**

My name is _____ (first, middle initial, last).

I live at _____ (street address), _____

(city), _____ (state) _____ (zip code).

I am employed as a/an _____ by _____ (company),

which is located at _____ (street address),

_____ (city), _____ (state) _____ (zip code). Its

telephone number is _____.

I have read the attached Protective Order entered in the action of *Diego N., et al., v. U.S. Health and Human Services, et al.*, pending in the District Court for the District of Columbia and bearing Case No. 1:26-cv-557-CJN and a copy of the Protective Order has been given to me.

I agree to be bound by the terms of the Protective Order.

I agree that I will not disclose or discuss Protected Material with anyone other than the persons described in Paragraph 4 of the Protective Order.

I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

I agree to be subject *in personam* to the jurisdiction of the United States District Court for the District of Columbia in connection with any proceeding concerning an alleged unauthorized (under the Protective Order) disclosure of Protected Material that involves me.

_____                                  _____
DATE                                                               SIGNATURE