

**ADMINISTRATION FOR**
**CHILDREN & FAMILIES**
330 C Street, S.W., Washington, DC 20201 | www.acf.hhs.gov

**DATE:** March 7, 2025

**TO:** Angie M. Salazar, Acting Director, Office of Refugee Resettlement (ORR)

**FROM:** Toby Biswas, Director of Policy, Unaccompanied Alien Children (UAC) Bureau

**SUBJECT:** **DECISION** – Revisions to ORR UACB Policy Guide Sections 2.2.4, 2.7.4, and 5.8.2, and accompanying procedures, – Improving the Sponsor Vetting Process in Order to Mitigate Fraud and Enhance UAC Protections

---

## ACTION REQUESTED

We request updates to the ORR UACB Policy Guide Sections 2.2.4, 2.7.4 and 5.8.2, and associated procedures, regarding acceptable documents used in support of a *Sponsor Application*; related denials of sponsorship applications due to fraud concerns; and, clarification of fraud reporting requirements.

## RECOMMENDATION

I recommend that you approve the attached proposed revisions.

## EXECUTIVE SUMMARY

In alignment with ORR's statutory and regulatory requirements (*see* 8 U.S.C. § 1232(c)(3)(A) and 45 C.F.R. § 410.1202), the Division of UAC Policy (DUACP) proposes several policy updates to strengthen ORR's sponsor vetting process. This memo discusses the UAC Policy Guide revisions (**Attachments A, B**) proposed to strengthen safeguards against fraud in the sponsorship process, combat trafficking, and enhance the identification verification procedures for the sponsorship of children. Fraud in the sponsorship process poses significant risk to child safety, potentially contributing to human trafficking, exploitation, and unsafe placements. These updates reinforce ORR's zero-tolerance approach to fraud, provide guidance on how to better identify fraud, and clarify the process for re-categorizing sponsors when potential fraud is detected in the sponsorship application process. HHS' own internal investigations, have revealed documented cases of criminals who have used fraudulent foreign documents in support of *Sponsor Applications* where former UAC became victims of crimes by their sponsor, including incidents of trafficking and sexual assault and have resulted in prosecutions.

1

Notable Timing Factors and Administration Priorities:

ORR Leadership has requested expedited approval of these UAC Bureau Policy Guide updates to combat ongoing fraud and trafficking concerns.

Novel Elements to Consider:

None.

## BACKGROUND

To address identified gaps in the reporting of fraud incidents to HHS Office of the Inspector General (HHS/OIG), UACB published new policies on February 9, 2024. The previous policy updates were designed to clearly delineate fraud types, provide examples of various fraud types, and clarify the process for reporting fraud concerns.

Fraud within the UAC program and UAC sponsorship applications undermines the integrity of ORR's UAC Bureau sponsorship vetting process and poses significant safety risks to the unaccompanied alien children in the Bureau's care and custody. ORR has identified cases of misrepresentation by sponsors during the application process, including:

- Submission of falsified identity or relationship documents, and address information;

- Sponsors failing to disclose criminal history, prior sponsorships, or gang affiliation; and,

- Potential risks for trafficking and exploitation linked to fraudulent schemes.

Given these identified concerns, enhanced fraud detection measures are critical. These policy updates establish clear protocols for detecting, documenting, and responding to fraud, preventing fraudulent actors from exploiting the UAC Bureau and unaccompanied alien children for trafficking or other forms of exploitation.

ORR's written policies have required sponsors to submit documents in support of their applications to sponsor unaccompanied alien children. ORR has traditionally accepted foreign documents. Current ORR policy permits certain documents to be used which do not include picture identification when coupled with other documents. Additionally, ORR's policies have permitted submission of copies of identification documents but did not provide precise specifications for authenticating documents aside from liaising with Consulates and Embassies to confirm proper issuance. *See* ORR UAC Bureau Policy Guide Section 5.4.7.

## DISCUSSION

Proof of Identity

2

ORR regulations require that sponsors of unaccompanied alien children submit supporting documentation, including identity documents, with a *Sponsor Application*[1], see 45 C.F.R. § 410.1203(c). Historically, ORR's policies implementing the regulation, permit acceptance of a wide variety of identity documents, including many foreign issued documents. ORR has had difficulty authenticating foreign issued documents, especially in a timely manner, and is aware of reports of widespread fraud with the use of such documents. ORR has relied on foreign consulates and embassies, often liaising with the support of the Department of State, to authenticate documents issued outside the United States, a process complicated by international relations and the stability of certain foreign states. HHS' own internal investigations, have revealed documented cases of criminals who have used fraudulent foreign documents in support of *Sponsor Applications* where former UAC became victims of crimes by their sponsor, including incidents of trafficking and sexual assault and have resulted in prosecutions.

Based on concerns related to the ability to authenticate foreign identity documents used in support of the *Sponsor Application*, ORR believes aligning identity document requirements to the DHS/USCIS I-9 required documentation will provide a safer framework for proving and authenticating identity. These are documents that the federal government relies on to establish identity for both citizens and non-citizens. ORR will also focus efforts to ensure that those reviewing identity documents have an easy way to view them, as well as the pictures on the documents, to determine that the individual submitting the identity document is in fact the *holder* of the identity document.

Proof of Address
Further, ORR has had past instances of suspected fraudulent addresses or addresses that did not include the apartment number of the residence. As a result, children were released to locations that may not have been actual residences or for which the specific unit of a residence was unknown. To combat this and ensure more transparency in the process ORR will require more limited types of acceptable address documentation which must be recent (for acceptable mail - within the past 30 days). Confirmation of address information is further authorized by rule. *See* 45 C.F.R. 410.1202(b).

Denial of Sponsor Application
ORR also proposes clarifying, where a sponsor has engaged in fraud in the sponsorship process, that there be a presumption that the sponsorship be denied under ORR UAC Bureau Policy Guide Section 2.7.4. Current policy provides that applications *may* be denied for fraud, and also were not listed as a reason for denial in Section 2.7.4 (but instead in Section 2.2.4) which may have led to confusion. Therefore, we are proposing that ORR explicitly state that a rationale for denial for fraud in the application process be clearly delineated in Section 2.7.4.

Additionally, we propose that sponsors or adult household members who refuse or who do not timely present themselves for fingerprinting be a basis for denying release. The rationale is two-fold. First, refusal to come forward for fingerprinting may be an indication that the sponsor (or other adult) is trying to conceal known biometrics that will help to uncover the subject's true identity. Second, refusal to come forward may be to conceal criminal history. In either case, this

---

[1] Division of UAC Policy is in process of updating references to the former "Family Reunification Application" to the "Sponsor Application" throughout ORR policy, procedures, and field guidance.

could be grounds to deny a sponsorship, and in both instances ORR is well positioned to justify biometrics as a common-sense approach to weed out bad actors. ORR already requires universal biometric fingerprint checks under Field Guidance #26, so corresponding policies related to denial for failure to present oneself for fingerprinting is sufficiently justified. ORR affords due process protections for most relative sponsors. Specifically, parents or other close relatives who are denied sponsorship are provided written notice of the reasons for the denial and are provided an opportunity to pursue an administrative appeal. *See* 45 C.F.R. 410.1206; *see also,* ORR UAC Bureau Policy Guide, Sections 2.7.7 and 2.7.8.

Reporting Fraud
DUACP advises that more guidance regarding what constitutes fraud or suspected fraud, and further guidance on how ORR care providers report these concerns in the sponsor application (ORR UAC Policy Guide Section 2.2.4) and incident reporting (ORR UAC Policy Guide Section 5.8.2). Proposed policy guidance further flushes this out in ORR's significant incident reporting policies that would amend ORR UAC Policy Guide Section 5.8.2. The proposed public facing policy will also provide further notice on how such reports are reported to Federal law enforcement.

Summary of Proposed Policy Updates
The proposed policy updates (**Attachments A**, **B**) include the following:

**UAC Policy Guide Section 2.2.4 Required Documents for Submission with the Application for Release**
- Expired documents are no longer acceptable documents and only unexpired, high-resolution, legible, or digital scans of government issued identification documents will be accepted.
- The list of acceptable sponsor identification documents has been revised to reflect the USCIS I-9 (From List A Documents that "Establish Both Identity and Employment Authorization," and List B "Documents that Establish Identity"). For Category 1 only, any deviation from this requirement must be supported by clear justification and exceptions may be made on a case-by case basis by HHS ORR Headquarters.
- Reducing the types of documents that may be used for proof of address, and reducing the timeframe from which those documents may be dated in some instances from 60 days to 30 days.
- Reducing the types of documents that may be used to prove a relationship with a child.
- (Technical) removing reference to Category 2A sponsorships (rendered moot by the issuance of Field Guidance #26).
- ORR will now require that requests for release be denied if it is determined that fraudulent documents were submitted during the application of release process. Any deviation from this requirement must be supported by clear justification and exceptions may be made on a case-by case basis by HHS ORR Headquarters.

**UAC Policy Guide Section 2.7.4 Deny Release Request**
- The refusal or unwillingness of a sponsor or household member to submit to a mandatory fingerprint check will result in a denial of sponsorship.

4

- Providing false information, committing perjury, or submitting fraudulent documentation is now explicitly included as a basis for ORR to deny release of an unaccompanied alien child.

**UAC Policy Guide Section 5.8.2 Significant Incidents**

- Coordinating incident reporting with DHS;
- Reportable Significant Incident Reports types have been updated to include the following:
  - o Providing false information or suspected perjury;
  - o Providing false documents related to address or place of residence;
  - o Failure to disclose prior placement as an unaccompanied child in the custody of ORR; and ,
  - o A sponsor failing to disclose history of gang affiliation.

## ANTICIPATED STAKEHOLDER REACTION

We anticipate some stakeholders, particularly *Flores* plaintiffs counsel and other advocates (and their Congressional supporters), will express concern that the policies hinder ORR's ability to release children without unreasonable delay. These parties are also likely to claim ORR's restrictions place barriers on sponsors, in particular parents, to the principles of family unity. Further, these advocates are likely to argue that ORR's identity document requirements are particularly burdensome on the ability of undocumented or out of status aliens to sponsor children. On the other hand, we expect immigration enforcement advocates and their supporters in Congress along with anti-trafficking organizations and child protection organizations to support actions which eliminate fraud and combat trafficking in ORR's sponsorship process.

## ROLLOUT

Upon receiving the ORR Director's approval to make the recommended revisions, DUACP will coordinate with ORR's Communication Team to publish updates to the UAC Policy Guide and its Record of Posting and Revision Dates, and distribute a message to ORR's UAC Care Provider Network through the UAC Policy Inbox. After publishing the updates, DUACP will coordinate with stakeholders across the UAC Program to determine whether any additional training and technical assistance on the new guidance is required. providers, and ORR/UAC Bureau staff and support contractors.

## RECOMMENDATION

I recommend that you approve the attached UAC Policy Guide revisions.

_____
Toby Biswas
Director
Division of UAC Policy
UAC Bureau

Attachments
Attachment A- 2.2.4 2.7.4 5.8.2 Strengthening Fraud Accountability (Clean)
Attachment B - 2.2.4 2.7.4 5.8.2 Strengthening Fraud Accountability (Redline)
Attachment C – Examples of Fraudulent Identity Documents (03-06-2025)

---

**<u>DECISION</u>**

\_\_\_\_\_          Approve/Agree


\_\_\_\_\_          Disapprove/Disagree


\_\_\_\_\_          Briefing and/or More Information Needed


Additional Comments:



_____
Angie M. Salazar                                          Date
*Acting* Director, ORR