

Office of the Assistant Secretary | 330 C Street, S.W., Suite 4034
Washington, D.C. 20201 | www.acf.hhs.gov

**DATE:**      April 1, 2025

**TO:**      Andrew Gradison, Acting Assistant Secretary for Children and Families

**Through:**      Linda Hitt, Executive Secretary

**FROM:**      Angie Salazar, Acting Director, Office of Refugee Resettlement

**SUBJECT:**      DECISION – Sub-Regulatory Guidance; Revisions to the Unaccompanied Children Bureau Policy Guide and Manual of Procedures Revisions to Require Sponsors to Provide Proof of Income

## ACTION REQUESTED

The Office of Refugee Resettlement's (ORR) Unaccompanied Alien Children Bureau (UACB), Division of Unaccompanied Alien Children Policy (DUACP) requests approval to publish sub-regulatory guidance updates to the Unaccompanied Alien Children (UAC) Policy Guide and UAC Manual of Procedures (MAP). These updates are intended to strengthen the sponsor vetting process by requiring potential sponsors to provide documentation verifying their ability to financially support the unaccompanied children they seek to sponsor.

## BLUF

To support child safety and mitigate the risk of human trafficking, ORR proposes to publish new sponsor vetting requirements related to income verification, to ensure that sponsors can support children financially. ORR proposes to publish updates that require case managers to assess whether potential sponsors can financially support the children they seek to sponsor in the UAC Policy Guide and UAC MAP by requesting certain documentation as proof of income. These updates also highlight existing UACB tools for verifying income as part of the Sponsor Assessment process.

## TARGET RELEASE DATE

Upon approval.

## RATIONALE FOR EXPEDITED RELEASE

These revisions support administration priorities related to Executive Order 14165 "Securing Our Borders," specifically regarding human trafficking.

## RECOMMENDATION

ORR recommends approval of the publication of UAC Policy Guide and UAC MAP revisions.

## EXECUTIVE SUMMARY

**Foundational Rule**
The Foundational Rule at 45 CFR 410.1202(c) requires a suitability assessment to include all needed steps to determine that the potential sponsor is capable of providing for the child's physical and mental well-being, including verification of the employment, income, or other information provided by the potential sponsor as evidence of the ability to support the child.

**Comparison to Domestic Child Welfare Standards**
In the domestic child welfare system, parents, legal guardians, and close kin must demonstrate the ability to provide financially for a child's needs if the child is returned to their care.  However, financial stability requirements vary widely between jurisdictions.  Non-related foster parents typically undergo stricter financial screening, including income verification and expense reporting.  Some states, such as California and New York, explicitly prohibit denying foster care applications solely due to low income, even for individuals seeking to become foster parents.  Given this precedent, denying a Category 1 sponsor (parent/legal guardian) solely based on financial hardship could pose a litigation risk for ORR and does not align with standard child welfare practices in the United States.  This procedural distinction (with a carve out for parents/legal guardians) ensures a balanced approach, protecting parental rights while maintaining child safety protections against trafficking and labor exploitation.

**Sponsor Exploitation and Labor Trafficking**
By requiring submission of proof of income information and supporting documentation, case managers and Federal Field Specialists (FFS) will be able to better assess whether there are indicators that a sponsor is being subjected to labor trafficking or labor exploitation.  The Office on Trafficking in Persons has found that parents and other family members have been subjected to human trafficking and/or labor exploitation and had similar debts as the children they sponsored.  The information obtained during employment and income verification can inform the safety assessment, safety planning, decision to refer a case for a home study or not, and level of Post-Release Services to recommend.

**Proposed Revisions**
The following section describes ORR's proposed UAC Policy Guide and UAC MAP revisions to strengthen sponsor vetting by ensuring potential sponsors can financially support the children they seek to sponsor.

UAC Policy Guide Section 2.2.4 Required Documents for Submission with the Application for Release
- Clarifies that proof of sponsor income is part of the sponsor application process.
- Provides a short list of required documents that must be submitted along with the Sponsor Application.

UAC Policy Guide Section 2.4.1 Assessment Criteria
- Updates key terminology to align with ORR leadership directives and UACB authorizing statutes (6 U.S.C. 279 (g)2).
- Specifies that the case manager enters information in the Sponsor Assessment and emphasizes that a sponsor's financial stability is a key consideration in sponsor vetting.
- Emphasizes that having an order of removal that is outstanding, failure to attend any hearings or legal proceedings, or a sponsor's gang involvement is considered significant aggravating factor in determining if a sponsor can provide a stable home for a child.
- Directs case managers to request documentation regarding a sponsor's income, current assets, and supporting documentation (e.g., previous year's tax filings in the United States, pay stubs for at least the past 60 days, etc.) to assess financial stability.

UAC MAP Section 2.2.4 Required Documents for Submission with the Application for Release
- Outlines what proof of income documents are required in sponsor vetting process, to align with Section 2.2.4.

UAC MAP Section 2.4.1 Assessment Criteria
- Case managers are now directed to assess the sponsor by reviewing the required documentation, which includes proof of income.

UAC MAP Section 2.7.4. Deny Release Request
- Specifies that in a Recommendation to Deny Release, the FFS must complete the section summarizing the findings and cite the sponsor's proof of income as an example.
- Updates division terminology to align with ORR leadership directives and UACB authorizing statutes (6 U.S.C. 279 (g)2).

**Notable Timing Factors and Administration Priorities**:
These revisions support administration priorities related to Executive Order 14165 "Securing Our Borders", specifically regarding human trafficking.

**Novel Elements to Consider**:
N/A

**Legal Authority:**
The Foundational Rule at 45 CFR 410.1202(c) requires a suitability assessment to include all needed steps to determine that the potential sponsor is capable of providing for the child's physical and mental well-being, including verification of the employment, income, or other information provided by the potential sponsor as evidence of the ability to support the child.  Further, the Trafficking Victims Protection Reauthorization Act of 2008 requires that the Secretary of the Department of Health and Human Services establish policies to "ensure that unaccompanied alien children in the United States are protected from traffickers and other persons seeking to victimize or otherwise engage such children in criminal, harmful, or exploitative activity" (8 U.S.C. 1232 (c)(1).  It is imperative that ORR request documentation of income in order to ensure the assessment of a potential sponsor's suitability is comprehensive, in keeping with its regulatory and statutory requirements

**OPTIONS AND DISCUSSION**
**Option 1:** Publish revisions to UAC Policy Guide and UAC MAP to require certain income

verification documents as part of the sponsor vetting process.

**Discussion:**
Current UACB tools collect limited information about a sponsor's proof of income, employment history and related information.

1. The Sponsor Application (formerly known as the 'Family Reunification Application') asks the sponsor about their financial information in Question #13: "How will you financially support the child(ren)?  Include all sources and amounts of your income (for example, the amount you are paid each week) as well as explaining any financial support from others who will help financially support the child(ren)."
2. UAC MAP Appendix 2.5 Sponsor Assessment includes the following questions regarding the sponsor's employment, expenses, income, and financial stability:
   - Does the sponsor have a job?
   - What is the sponsor's work schedule?
   - Is the sponsor able to meet their monthly expenses with their income?
   - Income: Provide documents in support of income.
   - Additional Information: Document any additional information, including your assessment of the sponsor's ability to support and financially provide for the child while in their care.
3. UAC MAP Appendix 2.4 Sponsor Assessment Interviewing Guidance includes the following employment related questions to assess the sponsor's ability to support and financially provide for the child while in their care:
   - Does the sponsor have a job?
   - Does the sponsor have financial needs?

Based on ORR's legal authorities and opportunity for further parity with domestic child welfare, discussed above, ORR is recommending further revisions to its sub-regulatory guidance to require specific documentation as part of the sponsor application.  This documentation would include:
- Previous year's tax return if in the United States during the prior year;
- Copy of paystubs for at least the past 60 days continuously; or
- An original letter from the sponsor's employer verifying their employment information, signed within the past 60 days.  The letter must be on company letterhead and contain verifiable contact information for the employer and supervisor.  An ORR representative must speak with the supervisory or company Human Resources division to verify the information in the letter.

**Key Pros:**
- Requiring proof of income documentation will support decisions made by ORR staff to release children to vetted sponsors.
- Clarifying which documents are appropriate to provide for proof of income verification creates a streamlined standard across all cases, minimizing discretion and variability.
- Proof of income is a standard practice in domestic child welfare for assessing if an individual is able to care for the physical well-being of a child.

**Key Cons:**
- Potential sponsors may not have appropriate documents and may not be able to complete their sponsorship application or may go to more extreme lengths to fake documents in order

to sponsor children.

**Option 2:** Do not publish revisions to UAC Policy Guide and UAC MAP to require certain income verification documents as part of the sponsor vetting process.

**Key Pros:**
- Maintaining the existing income assessment tools will minimize confusion and will not require new training.

**Key Cons:**
- Without clarification of documents required to show proof of income, there will be a great variability across release decisions, in determining sponsor appropriateness.

**Outstanding Questions:**
ORR is preparing a new Affidavit of Support form that will require sponsors to provide proof of income and commit to being able to provide financially for a child as part of the Sponsor Application Packet. DUACP will seek clearance from the Office of Management and Budget (OMB) under the Paperwork Reduction Act before disseminating this form. Upon approval from OMB, as part of dissemination, DUACP may further update its sub-regulatory guidance to explicitly require the Affidavit of Support to include more instructions for case managers and FFS on sponsors showing proof of income. These instructions will further clarify how case managers must assess and whether a sponsor would expect children to work to contribute to basic household necessities.

## ANTICIPATED STAKEHOLDER REACTION

As some manner of income verification is typical in domestic child welfare contexts, stakeholders from the domestic child welfare context are not likely to negatively react to the requirements specified in this update. Immigrant rights advocates are likely to note that the majority of potential sponsors engaging with UACB do not have work authorization and may not be able to provide documentation required under this update to ORR's sub-regulatory guidance. This could result in longer lengths of stay for children in ORR custody, which could be a litigation risk to ORR; although the requirement to provide documentation of income to financially provide for a child is not, in and of itself, a litigation risk.

## ROLLOUT

Upon approval, ORR will publish the revisions contained herein of the UAC Policy Guide and UAC MAP.

**For questions, please contact:** Toby Biswas at Toby.Biswas@acf.hhs.gov or (202) 205-4440.

/s/

_____

**<u>DECISION</u>**

ORR recommends approval of the publication of UAC Policy Guide and UAC MAP revisions.

Approved [   X   ]
Disapproved [        ]
Briefing Needed [      ]
Additional Comments:

---

Andrew Gradison                              Date

Attachments
TAB A:          UAC Policy Guide Section 2.2.4, 2.4.1, and 2.7.4
TAB B:          UAC MAP Section 2.2.4 and 2.4.1
TAB C:          Crosswalk on Proof of Income
TAB D:          Communications Plan